

U.S. Department of Justice

*Joshua S. Levy*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*  *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 15, 2025

Brian A. Kelley, Esq.
The Law Office of Brian A. Kelley
132 Lincoln Street, Suite 5L
Boston, MA. 02111

  Re: United States v. Donald Nchamukong
    Criminal No.

Dear Mr. Hall:

  The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Donald Nchamukong ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

  1. Change of Plea

  At the earliest date available from the Court, Defendant will waive Indictment and plead guilty to Count One of an Information charging him with conspiracy, in violation of 18 U.S.C. § 371, to smuggle goods into the United States, to commit loan fraud, and to distribute Schedule II and Schedule IV, in violation of 18 U.S.C. §§ 545 and 1014 and 26 U.S.C. § 841(a)(1), respectively. Defendant admits that Defendant committed the crime specified in this count and is in fact guilty.

  Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information. This waiver is effective as of the date of Defendant's execution of this Plea Agreement, without respect to the Defendant's entry of a guilty plea. Defendant is agreeing to this waiver in exchange for concessions the U.S. Attorney is making in this Agreement. Specifically, the U.S. Attorney agrees not to charge Defendant under 18 U.S.C. § 1956 based on the conduct underlying the crime charged in this case that is known to the U.S. Attorney at this time.

  2. Penalties

Defendant faces the following maximum penalties: incarceration for 5 years; supervised

1

release for 3 years; a fine of $250,000, or twice the monetary gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The U.S. Attorney agrees, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 17.

Defendant's base offense level is determined by the guideline for the substantive offense that was the object of the conspiracy, plus any adjustments for such guidelines for any intended offense conduct that can be established with reasonable certainty (USSG § 2X1.1).

Because Defendant's offense of conviction is a conspiracy to commit more than one offense, that offense is treated as if Defendant had been convicted on a separate count of conspiracy for each offense that Defendant conspired to commit (USSG § 1B1.2(d)).

*Offense 1: Conspiracy to Smuggle Goods into the United States*

The offense level for conspiring to smuggle goods into the United States, in violation of 18 U.S.C. § 545, is determined using USSG § 2T3.1(c), which, in cases without a tax/duty loss, calculates the offense level using the guideline that would cover the contraband offense item, here misbranded prescription drugs, with intent to defraud, which includes Schedule II and Schedule IV drugs and drugs that are not controlled substances. Following the cross-reference in USSG § 2T3.1(c), the defendant's offense level is determined under USSG §§ 2N2.1(c)(1) and 2B1.1.

a) Defendant's base offense level is 6, because the offense of conviction is referenced to USSG § 2B1.1, but that offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(2));

b) Defendant's offense level is 12, because Defendant caused a loss more than $250,000, but not more than $550,000 (USSG § 2B1.1(b)(1)(G)); and

c) Defendant's offense level is increased by 2, because the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means (USSG § 2B1.1(b)(10)(C).

*Offense 2: Conspiracy to Commit Loan Fraud*

The offense level for conspiracy to commit loan fraud, in violation of 18 U.S.C. § 1014, is determined using USSG § 2B1.1.

2

    a)    Defendant's base offense level is 7, because his offense of conviction is referenced to USSG § 2B1.1 and that offense of conviction has a statutory maximum term of imprisonment of 20 years or more (USSG § 2B1.1(a)(1)); and

    b)    Defendant's offense level is increased by 10, because Defendant caused a loss of more than $150,000, but not more than $250,000 (USSG § 2B1.1(b)(1)(G)).

*Offense 3: Conspiracy to Distribute Schedule II and Schedule IV Drugs*

The offense level for conspiring to distribute Schedule II and Schedule IV controlled substances is determined using USSG § 2D1.1.

    a)    Defendant's base offense level is 16, because the Drug Quantity Table in USSG § 2D1.1(c)(12) specifies this level for at least 20 kilograms, but less than 40 kilograms of Converted Drug Weight, here, 18,880 units of Schedule II depressants and 123,830 units of Schedule IV substances (USSG § 2D1.1(a)(5)).

*Combined Offense Level*

Offenses 1 and 2 group under USSG § 3D1.2(d), because the offense level for each is determined using USSG § 2B1.1, and constitute Group 1. Offense 3 is Group 2. Under USSG § 3D1.3, the offense level for grouped offenses is the offense that has the highest offense level in the group. The offense level for Group 1 is therefore 20. The offense level for Group 2 is 16.

Under USSG § 3D1.4, the total offense level is determined based on the offense level for Group 1, because it has the higher offense level. That level is increased by 2, because the offense level for Group 2 is 1 to 4 levels less serious. (USSG § 3D1.4(a)).

The defendant's combined offense level is 22.

The defendant's offense level is decreased by 3, because the defendant has clearly demonstrated that he has accepted responsibility for his crime (USSG § 3E1.1.); and

The defendant's offense level is decreased by 2, because the defendant did not receive any criminal history points (USSG § 4C1.1).

The defendant's adjusted offense level is 17, with a Guidelines Sentencing Range of 24 to 30 months.

Defendant agrees that the U.S. Attorney has applied the correct Guidelines but reserves the right to argue for the application of mitigating role adjustment under USSG § 3B1.2.

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crime to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

a)  incarceration at the low end of the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures;

b)  36 months of supervised release;

c)  a mandatory special assessment of $100, which Defendant must pay to the Clerk of the Court by the date of sentencing;

d)  restitution of at least $200,000, and as further ordered by the Court; and

e)  forfeiture as set forth in Paragraph 6.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

5. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison sentence of 30 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 24 months or more.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above) will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence</u> (to the extent set forth in subparagraph (b), above)<u>, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place</u>.

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6. <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue

any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*   \*   \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Kriss Basil.

Sincerely,

JOSHUA S. LEVY
United States Attorney

By: _____
SETH B. KOSTO
Chief, Securities, Financial and Cyber Fraud Unit

_____
KRISS BASIL
Deputy Chief, Securities, Financial and Cyber Fraud Unit

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charge against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offense. I believe this Agreement is in my best interest.

_/s/ Donald Nchamukong_
DONALD NCHAMUKONG
Defendant

Date: 1/24/2025

I certify that Donald Nchamukong has read this Agreement and that we have discussed what it means. I believe Mr. Nchamukong understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_/s/ Brian Kelley_
BRIAN A. KELLEY, ESQ.
Attorney for Defendant

Date: